# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANTONIO DE JESUS MUÑOZ-GONZALEZ,

    Plaintiff,

vs.                                         No. CV 19-01213 MV/CG

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Rule 41(b) of the Federal Rules of Civil Procedure on the pro se handwritten complaint filed by Antonio de Jesus Muñoz-Gonzalez. (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Plaintiff filed a handwritten complaint. (Doc. 1). Plaintiff's filing consists of a document alleging illegal arrest, conviction, and detention by state and federal officials. The Complaint seeks declaratory and injunctive relief. (Doc. 1 at 1). Although it is unclear exactly what Plaintiff is seeking to remedy, Plaintiff's filing may be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). A civil rights complaint under 42 U.S.C. § 1983 or *Bivens* is the exclusive vehicle for vindication of substantive rights under the Constitution. See *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983).

The Complaint was not in proper form for a civil rights complaint. (Doc. 1, Doc. 4 at 2). Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On March 22, 2021, the Court ordered Plaintiff to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 4). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 4 at 2). The Court also sent Plaintiff the forms for submitting a § 1983 complaint and an application under § 1915. (Doc. 4 at 2). More than 30 days have elapsed after entry of the Court's Order to Cure Deficiencies. Plaintiff did not submit a complaint in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's March 22, 2021 Order.

At the time that it was filed, the Complaint indicated that Plaintiff was incarcerated at the Cibola County Correctional Center ("Cibola"). (Doc. 1). However, mail addressed to Plaintiff at Cibola is being returned as undeliverable. (Doc. 5). A review of the Cibola records shows that Plaintiff is no longer incarcerated at that facility. Further, Plaintiff has not provided the Court with any current address. *See* Doc. 5.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the plaintiff or authorize the plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $5.00 filing fee or submit an application to proceed under § 1915. Plaintiff was directed to comply with the statutory requirements or show cause why he should not be required to do so. He has not responded to the Court's Order. The Local Rules also require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff has failed to comply with Local Rule 83.6.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Rule 41(b) for failure to prosecute, comply with statutes or rules of civil procedure, or comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Plaintiff has failed to comply with the Court's order, statutory provisions, including 28 U.S.C. § 1915, Rules 8 and 11 of the Federal Rules of Civil Procedure, and Local Rule 83.6. He has also failed to prosecute this action. The Court thus will dismiss this civil proceeding pursuant to Rule 41(b).

**IT IS ORDERED** that the Complaint filed by Plaintiff Antonio de Jesus Muñoz-Gonzalez (Doc. 1) is **DISMISSED** without prejudice pursuant Rule 41(b) for failure to comply with rules, statutes, and the Court's Order, and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE